**UNITED STATES of America, Plaintiff,**

v.

**Dennis Clayton MILLER, Defendant.**

**Crim. No. 9418.**

United States District Court,
D. North Dakota,
Southeastern Division.

Feb. 7, 1972.

nity for a personal appearance before the Board on February 16, 1971, and an interview with the Board on March 16, 1971. The Local Board declined to change his classification, and gave no reason for its action. The registrant appealed to the State Appeal Board, which affirmed the action of the Local Board, with the following comment:

> "Registrant claimed CO status as an alternative to military service. He doesn't object to the war, but to the fact that his freedom to do as he pleases would be infringed upon."

■ To qualify for a classification as conscientious objector, a registrant must satisfy three basic tests. He must show that he is conscientiously opposed to war in any form. He must show his opposition is based on religious training and belief, and he must show his objection is sincere. Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810.

■ Judicial review of the action taken by the Selective Service Board is limited to review of the Selective Service file on the registrant, which is designated as the cover sheet, and in this case is identified as Exhibits 1–1 through 1–60 inclusive. This Court cannot substitute its judgment for the judgment of the Board. A classification can be overturned only if it has no basis in fact. 50 U.S.C. App. § 460(b) (3), Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428.

■ A registrant must be able to determine from the Selective Service file the basis for the rejection of his conscientious objector claim. United States v. Abbott, 8 Cir., 425 F.2d 910.

■ In this case the only basis, disclosed in the file, for the rejection is the statement of the State Appeal Board that "He doesn't object to the war, but to the fact that his freedom to do as he pleases would be infringed upon." It must therefore be assumed by this Court that the State Appeal Board, having

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

James R. Jungroth, Jamestown, N. D., for defendant.

## MEMORANDUM OF DECISION

BENSON, Chief Judge.

The defendant, Dennis Clayton Miller, was indicted on an alleged violation of Title 50 App. U.S.C. § 462, for failure to comply with an order of his Local Board to submit to induction into the Armed Forces of the United States. Trial by jury was waived.

Defendant reported to the Armed Forces Induction Center at Fargo, North Dakota, on May 4, 1971, as ordered, but admittedly refused to take the traditional step forward, and thereby refused to submit to induction.

Defendant had made application to his Local Board for classification as a Conscientious Objector. He was classified I–A after having been given an opportu-

found that the registrant doesn't object to war, concluded that any finding by the Board on the tests of whether the opposition to war was sincere and based on religious training and belief was unnecessary.

There is evidence in the file from which the Board could have found that the registrant established a prima facie case for his conscientious objector claim, but a thorough search of the registrant's Selective Service file does not disclose affirmative evidence to support the Board's finding that the registrant does not object to war. On the contrary, all of the evidence clearly leads to but one conclusion—the registrant has a conscientious objection to war.

On July 10, 1969, the registrant wrote the Board:

" . . . I asked you for a conscientious objector form and never found the time to fill it out. I am still against war, fighting, and killing. I cannot see any Christian civilized man really being able to rationalize killing . . ."

In his statement of January 11, 1970, the registrant wrote:

"Thou shalt not kill!" I think that's reason even. I believe in God and do not feel that in any sense I could surrender my rights to the state and become part of a war that I don't believe in." . . .

" . . . I say you cannot fight and then find your peace you must live it. I would never fight to destroy the present government nor would I fight to preserve it. Man does not learn from destruction but from his fellow man. . . ."

On February 16, 1971, the registrant, in his own handwriting on the back of the summary prepared by the Executive Secretary of his Local Board following his appearance before the Local Board wrote:

"This meeting did not involve my feelings in objection to the service. The feeling that I am against what our country is doing in Vietnam plus the idea that war by itself is an evil."

Following the registrant's interview with the Board on March 16, 1971, the Executive Secretary of the Board prepared a summary in part as follows:

"Dennis Miller started the interview with saying that the last interview involved mostly alternatives to service, and didn't go into the fact that he was very much against going into service. He doesn't like war, and stated that it is wrong, and wants to find an alternative so he doesn't have to fight.

Are you against all wars? Yes, definitely.

If US were attacked tomorrow, would you fight? I might do something peaceful, but not bear arms. The only way for peace is not to fight, and I cannot fight. . . ."

" . . . I cannot morally rationalize killing and do not want to put myself in any situation that I might have to kill. The bible states that Peacemakers will enherit the earth and thou shall not kill. It should be legal to believe in peace. . . ."

There is a basis in fact for the finding by the Appeal Board that the registrant objected to the fact that military service would infringe upon his freedom to do as he pleased. From the file, the Board might have found the registrant, at that time, didn't meet the religious or sincerity test, if it had found that registrant conscientiously opposed war, but opposed war because it infringed on his freedom. However, when the claimant has established a prima facie case as a conscientious objector, it is not the prerogative of the Court to speculate on findings which the Board might have made. It can only examine the record for a basis in fact on the finding which the Board did make and which relates to a material issue. The only material issue to which the Board's finding related was whether the registrant objected to war. As hereinbefore shown, there is

no basis in fact for the Board's finding on that issue.

The finding by the Board that the registrant objected to military service because it infringed on his freedom is not relevant. It is conceivable that a registrant could pass the three basic tests required of a conscientious objector, and in addition object to the fact that military service infringed on his freedom.

At the close of the Government's case, the defendant moved that the Court direct a judgment of acquittal. Ruling on the motion was reserved. The motion is granted. The defendant is discharged and his bond is exonerated.